Exhibit A to Notice of Removal

Douglas N. Silverstein, Esq. (SBN 181957)
dsilverstein@californialaborlawattorney.com
Lauren Morrison, Esq. (SBN 266135)
lmorrison@californialaborlawattorney.com
Catherine J. Roland, Esq. (SBN 266957)
croland@californialaborlawattorney.com
**KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.**
9255 Sunset Boulevard, Suite 411
Los Angeles, California 90069-3302
Phone: 310-273-3180 ♦ Fax: 310-273-6137

Attorneys for Plaintiff EMILY NAMIN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, CENTRAL DISTRICT

| | |
|---|---|
| EMILY NAMIN, an individual,<br><br>   Plaintiff,<br><br>  vs.<br><br>SWIFT TRANSPORTATION CO AZ, LLC, a Delaware Limited Liability Company; and DOES 1 through 50, inclusive,<br><br>   Defendants. | **CASE NO.** 20STCV45213<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES**<br><br>1. **Disability Discrimination in Violation of FEHA;**<br>2. **Retaliation in Violation of FEHA;**<br>3. **Failure to Take All Reasonable Steps to Prevent Discrimination and Retaliation;**<br>4. **Retaliation in Violation of CFRA;**<br>5. **Wrongful Termination in Violation of FEHA;**<br>6. **Failure to Engage in the Good Faith Interactive Process in Violation of FEHA; and**<br>7. **Failure to Provide Reasonable Accommodations in Violation of FEHA.**<br><br>**DEMAND FOR JURY TRIAL**<br><br>**UNLIMITED JURISDICTION**<br><br>**PUNITIVE DAMAGES** |

KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 ♦ FAX 310-273-6137

Plaintiff alleges as follows:

1. Plaintiff EMILY NAMIN (hereinafter "Plaintiff") is, and at all material times herein was, an individual residing in the County of Los Angeles, State of California.

2. Plaintiff is informed and believes, and based thereon alleges, that Defendant SWIFT TRANSPORTATION CO AZ, LLC. (hereinafter "Defendant" or collectively with all Defendants "Defendants") is, and at all material times was, a Delaware Corporation doing business in the County of Los Angeles, State of California.

3. The true names and capacities, whether individual, plural, corporate, partnership or otherwise, of DOES 1 through 50, inclusive, are unknown to Plaintiff who therefore sues said Defendants by such fictitious names. The full extent of the facts linking such fictitiously sued Defendants is unknown to Plaintiff. Plaintiff is informed and believes, and based thereon alleges, that the fictitiously named Defendants, designated herein as DOES, were the agents, servants, partners, employees, alter egos and/or joint venturers of their Co-Defendants and, in doing the acts and things alleged, were at all times acting within the course and scope of that agency, partnership, servitude, employment, and/or venture and with the permission, consent, and approval, or subsequent ratification of each of the named Defendants. Reference to "Defendants" includes the named Defendants and the DOE Defendants.

4. Plaintiff is unaware of the true names and capacities, whether individual, corporate, associate, or otherwise of the Defendants sued as DOES 1 through 50, inclusive, or any of them, and therefore sues said Defendants, and each of them, by such fictitious names and prays that their true names and capacities, when ascertained, may be incorporated herein by appropriate amendment hereto.

5. Plaintiff is informed and believes, and based thereon alleges, that at all times relevant hereto, each of the Defendants designated herein as "DOE" Defendant was legally responsible by agency, contract or agreement, negligently or in some other actionable manner, for the events and happenings referred to herein which caused the damages hereinafter alleged.

/ / /

/ / /

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

PLAINTIFF'S COMPLAINT FOR DAMAGES

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

6.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was the agent, servant, employee, or employer of one or more of the remaining named and/or unnamed Defendants and, as hereinafter alleged, was acting within the scope of such authority, consent, agency, servancy, or employment.

7.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each named and/or unnamed Defendants was in some fashion, by contract or otherwise, the successors, assigns, joint-venturers, co-venturers or partners of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting within that capacity.

8.      Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, one or more of each unnamed Defendants was in some fashion, by contract or otherwise, the assured, insured, underwriter, bondsman, indemnitor, guarantor of one or more of the remaining named and/or unnamed Defendants for the acts alleged herein and was acting within that capacity.

9.      Plaintiff is informed and believes, and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants was the alter-ego of one or more of the remaining named and/or unnamed Defendants, and as hereinafter alleged, was acting for their own benefit and/or the benefit of one or more of the remaining named and/or unnamed Defendants.

10.      Plaintiff is informed and believes, and based thereon alleges, that at all time herein mentioned, one or more of each named and/or unnamed Defendants in all respects acted as the employer and/or joint employer with the other Defendants, in that Defendants shared control of Plaintiff as an employee with the other Defendants, either directly or indirectly, and the manner in which business is conducted. Defendants' control includes, but is not limited to, the authority to: hire and fire employees, assign work tasks to employees, engage in day-to-day supervision of employees, including discipline and, control employees' records, including payroll and personnel files.

11.     Plaintiff is informed and believes, and based thereon alleges, that at all material times, each of the above-named Defendants was the agent and/or employee of each of the remaining above-named Defendants, and was at all material times acting within the purpose and scope of such agency and employment.

12.     All conditions precedent (exhaustion of administrative remedies) to jurisdiction has been complied with.  Plaintiff timely filed charges against Defendants with the California Department of Fair Employment and Housing ("DFEH") and has received a "Right to Sue" notice as to each Defendant.  These documents have been timely served on Defendants via certified mail with return receipt requested.

## GENERAL ALLEGATIONS

13.     Plaintiff worked for Defendant as a Professional Driver from approximately February 5, 2016 until her wrongful termination on or about June 25, 2019.  At all times, Plaintiff performed her job in a reasonable and competent manner.

14.     Several times throughout Plaintiff's employment, Plaintiff complained and/or protested what she reasonably believed to be Defendant's discriminatory practices towards its employees.

15.     Plaintiff was disabled as a result of a workplace injury that occurred on or about January 20, 2018.

16.     Plaintiff was forced to take protected leave in an effort to get back to work as soon as possible. On or about February 8, 2019, Plaintiff was released to return to full time work with minor restrictions.

17.     The restrictions did not prevent her from performing the essential functions of her job and they were not permanent restrictions.

18.     Defendant failed and refused to engage in the interactive process to get Plaintiff back to work and instead directed her to the internal job board.

19.     Defendant suggested that there were numerous open positions that she was qualified for and directed her to apply for these jobs. Relying on these representations, Plaintiff applied for any suitable position she could find. Despite the fact that Plaintiff was qualified, Defendant

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1   retaliated and discriminated against Plaintiff by refusing to hire her to any position for which she

2   applied.

3       20.     Ultimately Defendant terminated Plaintiff's employment on or about July 25, 2019,

4   stating she had been unable to find a new position, even though it was Defendant who had refused

5   to offer Plaintiff any of its available positions for which she was qualified.

6       21.     By engaging in the above actions, Defendant retaliated and discriminated against

7   Plaintiff on the basis of her disability—and for protesting discriminatory practices and/or

8   requesting reasonable accommodation—by firing her.

9       22.     Thereafter, Plaintiff is informed and believes and thereupon alleges that Defendant

10  replaced Plaintiff with a non-disabled person.

## FIRST CAUSE OF ACTION

## DISCRIMINATION BASED ON DISABILITY

### (Against All Defendants and DOES 1 to 50 Inclusive)

23.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

24.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to refrain from discriminating against Plaintiff on the basis of her disability and/or perceived disability.

25.     Plaintiff could perform the essential functions of her position with or without a reasonable accommodation.  As such, Plaintiff was a qualified disabled person within the meaning of FEHA.

26.     Defendants, and each of them, were aware of Plaintiff's disability and/or condition related to her disability, because Plaintiff had informed Defendants of them. Defendants also perceived and regarded Plaintiff as having a disability.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

27.     At all times mentioned herein, Plaintiff was willing and able to perform the duties and functions of her position with a reasonable accommodation for Plaintiff's disability.  At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability have been a danger to Plaintiff's or any other person's health and/or safety, nor would it have created an undue hardship to the operation of Defendants' business.

28.     On or about June 25, 2019, Defendants terminated Plaintiff because of her disability, its perceptions regarding her disability, among other unlawful reasons.

29.     By engaging in the above- referenced acts and omissions, Defendants and each of them, discriminated against Plaintiff because of her medical condition and/or disability in violation of *Government Code* §§ 12940 *et seq.*

30.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

31.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

32.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

33.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

34.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1    known to Defendants, and each of them, with the intention on the Defendants' part to deprive

2    Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an

3    amount according to proof.

4         35.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

5    **SECOND CAUSE OF ACTION**

6    **RETALIATION IN VIOLATION OF FEHA**

7    **(Against All Defendants and DOES 1-50, Inclusive)**

8         36.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

9    allegations contained in this Complaint, and incorporates them by reference into this cause of action

10    as though fully set forth herein, excepting those allegations which are inconsistent with this cause

11    of action.

12         37.     At all times mentioned in this Complaint, the California Fair Employment and

13    Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was

14    binding on Defendants, and each of them.  These sections required Defendants, and each of them,

15    to refrain from retaliating against Plaintiff because she participated in a protected activity.

16         38.     Plaintiff participated in the protected activities of requesting reasonable

17    accommodations for her disability and related condition and protesting discrimination.

18         39.     Defendants, and each of them, terminated Plaintiff because she requested a

19    reasonable accommodation for her disability and/or perceived disability.

20         40.     By engaging in the above-referenced acts and omissions, Defendants, and each of

21    them, retaliated against Plaintiff because she participated in protected activities in violation of

22    *Government Code* §§ 12940 *et seq.*

23         41.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

24    continues to sustain economic damages in lost earnings and other employment benefits in an amount

25    according to proof.

26         42.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

27    continues to sustain non-economic damages and emotional distress.

28    ///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

43.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

44.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation.  The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

45.     Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

## THIRD CAUSE OF ACTION

## FAILURE TO TAKE ALL REASONABLE STEPS TO PREVENT

## DISCRIMINATION AND RETALIATION IN VIOLATION OF FEHA

**(Against All Defendants and DOES 1-50, Inclusive)**

46.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

47.     At all times mentioned in this Complaint, the California Fair Employment and Housing Act ("FEHA"), *Government Code* §§ 12940 *et seq.*, was in full force and effect and was binding on Defendants, and each of them.  These sections required Defendants, and each of them, to take all reasonable steps to maintain a workplace environment free from unlawful discrimination and retaliation.

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

48. Defendants, and each of them, embarked on a campaign of discrimination and retaliation against Plaintiff because of her disability and age by terminating Plaintiff's employment.

49. By engaging in the above-referenced acts and omissions, Defendants, and each of them, failed to take all reasonable steps maintain a workplace environment free from unlawful discrimination and retaliation in violation of *Government Code* §§ 12940 *et seq.*

50. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

51. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

52. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

53. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

54. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

55. Plaintiff is entitled to attorneys' fees pursuant to *Government Code* § 12965.

///

///

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

## FOURTH CAUSE OF ACTION

## RETALIATION IN VIOLATION OF CFRA

### (Against All Defendants and DOES 1-50, Inclusive)

56.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

57.     The California Family Rights Act ("CFRA"), *Gov. Code* § 12945.2(a), entitles an employee suffering from a serious health condition to take up to a total of twelve workweeks in any 12-month period for a medical leave of absence.  Furthermore, CFRA also requires the employer, upon granting the leave request, to provide the employee a guarantee of employment in the same or a comparable position upon the termination of the leave.

58.     The California Family Rights Act ("CFRA"), *Gov. Code* § 12945.2(l), makes it unlawful for any employer to discharge, expel, or discriminate against an employee because of the employee's exercise of the right to medical leave.

59.     Defendant is an eligible employer where Plaintiff worked fulltime and is informed and believes, and thereon alleges, that Defendant employs more than 50 employees within 75 miles of its headquarters.

60.     Plaintiff exercised her right to medical leave within the meaning of CFRA when she requested medical leave.

61.     In response to taking leave medical leave and/or requesting that leave under the CFRA, Defendant retaliated against Plaintiff by terminating her employment effective on or about June 25, 2019.

62.     Plaintiff is informed and believes and thereon alleges that she was terminated in part for exercising her right to medical leave under CFRA.

63.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

64.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained and continues to sustain non-economic damages and emotional distress, including, but not limited to, loss of sleep, anxiety, tension, depression and humiliation.

65.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried out by Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

66.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

67.     As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled to reasonable attorneys' fees and costs of suit as pursuant to *Government Code* § 12965.

## FIFTH CAUSE OF ACTION

## WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

### (Against All Defendants and DOES 1-50, Inclusive)

68.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

69.     At all times herein mentioned, the public policy of the State of California, as codified, expressed and mandated in California *Government Code* § 12940, was to prohibit employers from harassing, discriminating and retaliating against any individual based on perceived and/or actual disability, age, and based upon exercise of rights under that section. This public policy of the State of California is designed to protect all employees and to promote the welfare and well-being of the

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1    community at large.  Accordingly, the actions of Defendants, and each of them, in discriminating,

2    retaliating and terminating Plaintiff on the grounds stated above, or for complaining about such

3    discrimination and retaliation, was wrongful and in contravention and violation of the express public

4    policy of the State of California, to wit, the policy set forth in California *Government Code* §12940

5    *et seq.*, and the laws and regulations promulgated thereunder.

6        70.    These public policies inure to the benefit of the public, not just the private interests

7    of the employer and employee, because all individuals within the State are afforded these rights.

8        71.    Defendants' discharge of Plaintiff violated the aforementioned fundamental

9    principles of public policy, in that there is a substantial and fundamental policy against age and

10   disability discrimination in employment as delineated in the FEHA and CFRA, retaliation, and the

11   laws and regulations promulgated thereunder.

12       72.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

13   continues to sustain economic damages in lost earnings and other employment benefits in an amount

14   according to proof.

15       73.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

16   continues to sustain non-economic damages and emotional distress.

17       74.    Plaintiff has sustained general and special damages within the jurisdictional limits of

18   this Court.

19       75.    The acts and conduct of Defendants, and each of them, constituted "malice,"

20   "oppression" and/or "fraud" (as those terms are defined in California *Civil Code* § 3294(c)), in that

21   it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable

22   conduct which was carried out by the Defendants, and each of them, with a willful and conscious

23   disregard of the rights of Plaintiff.

24       76.    The acts of Defendants, and each of them, were done fraudulently, maliciously and

25   oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act

26   of oppression, within the meaning of *Civil Code* § 3294 on the part of Defendants' officers, directors,

27   or managing agents of the corporation.  The actions and conduct of Defendants, and each of them,

28   were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1 known to Defendants, and each of them, with the intention on the part of Defendants to deprive

2 Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an

3 amount according to proof.

4       77.    As a result of Defendants' discriminatory acts as alleged herein, Plaintiff is entitled

5 to reasonable attorneys' fees and costs of suit as pursuant to *Government Code* § 12965.

### SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE

### PROCESS IN VIOLATION OF FEHA

### (Against All Defendants and DOES 1 to 50, Inclusive)

10       78.    As a separate and distinct cause of action, Plaintiff complains and re-alleges all the

11 allegations contained in this Complaint, and incorporates them by reference into this cause of action

12 as though fully set forth herein, excepting those allegations which are inconsistent with this cause

13 of action

14       79.    Pursuant to Government Code § 12940(n), Defendants, and each of them, were

15 required to engage in a good faith interactive process with Plaintiff to determine the extent of his

16 disability and/or condition related to his disability and how it could be reasonably accommodated.

17       80.    Plaintiff was at all times ready and willing to engage in the good faith interactive

18 process mandated by Government Code § 12940(n). However, Defendants, and each of them, failed

19 to engage in said good faith interactive process with Plaintiff.

20       81.    On or about June 25, 2019, Defendants terminated Plaintiff's employment as a direct

21 result of Defendants' failure to engage in any good faith interactive process, among other unlawful

22 reasons.

23       82.    By engaging in the above referenced acts and omissions, Defendants, and each of

24 them, discriminated against Plaintiff because of her disability in violation of Government Code §§

25 12940 *et seq.*

26       83.    As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and

27 continues to sustain economic damages in lost earnings and other employment benefits in an amount

28 according to proof.

84.     As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

85.     Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

86.     The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in <u>Civil Code</u> § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

87.     The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of <u>Civil Code</u> § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

88.     Plaintiff is entitled to attorneys' fees pursuant to <u>Government Code</u> § 12965.

<u>**SEVENTH CAUSE OF ACTION**</u>

<u>**FAILURE TO ACCOMMODATE DISABILITY IN VIOLATION OF FEHA**</u>

**(Against All Defendants and DOES 1 to 50, Inclusive)**

89.     As a separate and distinct cause of action, Plaintiff complains and re-alleges all the allegations contained in this Complaint, and incorporates them by reference into this cause of action as though fully set forth herein, excepting those allegations which are inconsistent with this cause of action.

90.     Pursuant to <u>Government Code</u> § 12940(m) and 12945(c), Defendants, and each of them, were required to reasonably accommodate Plaintiff's disability/medical condition. Instead of reasonably accommodating Plaintiff, Defendants terminated Plaintiff for no legitimate reason.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

91. On or about June 25, 2019, Defendants terminated Plaintiff's employment as a direct result of Defendants' failure to accommodate Plaintiff's known disability and/or condition related to disability, among other unlawful reasons.

92. By engaging in the above referenced acts and omissions, Defendants, and each of them, discriminated against Plaintiff because of her disability/medical condition in violation of Government Code §§ 12940 *et seq.*

93. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain economic damages in lost earnings and other employment benefits in an amount according to proof.

94. As a proximate result of Defendants' wrongful conduct, Plaintiff has sustained, and continues to sustain non-economic damages and emotional distress.

95. Plaintiff has sustained general and special damages within the jurisdictional limits of this Court.

96. The acts and conduct of Defendants, and each of them, constituted "malice," "oppression" and/or "fraud" (as those terms are defined in Civil Code § 3294(c)), in that it was intended by Defendants, and each of them, to cause injury to Plaintiff or was despicable conduct which was carried on by the Defendants, and each of them, with a willful and conscious disregard of the rights of Plaintiff.

97. The acts of Defendants, and each of them, were done fraudulently, maliciously and oppressively and with the advance knowledge, conscious disregard, authorization, ratification or act of oppression, within the meaning of Civil Code § 3294 on the part of Defendants' officers, directors, or managing agents of the corporation. The actions and conduct of Defendants, and each of them, were intended to cause injury to Plaintiff and constituted deceit and concealment of material facts known to Defendants, and each of them, with the intention on the part of Defendants to deprive Plaintiff of property and legal rights, justifying an award of exemplary and punitive damages in an amount according to proof.

98. Plaintiff is entitled to attorneys' fees pursuant to Government Code § 12965.

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

# **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants, and each of them, as follows:

1. For economic damages in an amount according to proof;

2. For non-economic damages in an amount according to proof;

3. For pre-judgment interest;

4. For an award of exemplary and punitive damages;

5. A declaratory judgment that the practices complained of herein are unlawful under California law for which claims are herein pleaded;

6. Injunctive relief to stop the complained of practices;

7. For reasonable attorneys' fees pursuant to Government Code § 12965;

8. For costs of suit herein incurred; and

9. For such other relief as the Court deems just and proper.


DATED:  November 24, 2020          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.



By:      /s/ *Catherine J. Roland*
         DOUGLAS N. SILVERSTEIN
         LAUREN MORRISON
         CATHERINE J. ROLAND
         Attorneys for Plaintiff EMILY NAMIN

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

1

## <u>DEMAND FOR JURY TRIAL</u>

2

Plaintiff hereby demands trial by jury on all issues so triable herein.

3

4    DATED:  November 24, 2020          KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C.

5

6                                       By:      /s/ *Catherine J. Roland*

7                                                DOUGLAS N. SILVERSTEIN
                                                 LAUREN MORRISON
8                                                CATHERINE J. ROLAND
                                        Attorneys for Plaintiff EMILY NAMIN
9

KESLUK, SILVERSTEIN JACOB & MORRISON, P.C.
Attorneys at Law
9255 SUNSET BOULEVARD, SUITE 411
LOS ANGELES, CALIFORNIA 90069-3302
TELEPHONE 310-273-3180 • FAX 310-273-6137

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S COMPLAINT FOR DAMAGES

**CM-010**

| | FOR COURT USE ONLY |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* <br> Douglas N. Silverstein, Esq. (SBN 181957) <br> Lauren Morrison, Esq. (SBN 266135), Catherine J. Roland, Esq. (SBN 266957) <br> KESLUK, SILVERSTEIN, JACOB & MORRISON, P.C. <br> 9255 Sunset Bouelvard, Suite 411 <br> Los Angeles, California 90069 <br> TELEPHONE NO.: (310) 273-3180  FAX NO.: (310) 273-6137 <br> ATTORNEY FOR *(Name):* Emily Namin | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: <br> 20STCV45213 |
|---|---|---|---|---|
| [x] Unlimited <br> (Amount demanded exceeds $25,000) | [ ] Limited <br> (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder <br> Filed with first appearance by defendant <br> (Cal. Rules of Court, rule 3.402) | | JUDGE: Rupert A. Byrdsong <br> DEPT: 28 |

*Items 1-6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[x] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400-3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties   d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel   e. [ ] Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve            in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [x] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):* seven (7)

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 24, 2020

Catherine J. Roland
_____
(TYPE OR PRINT NAME)                                (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

---

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use <br> Judicial Council of California <br> CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | *Legal Solutions Plus* | Cal. Rules of Court, rules 2.30, 3.220, 3.400-3.403, 3.740; <br> Cal. Standards of Judicial Administration, std. 3.10 |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

<b>CASE TYPES AND EXAMPLES</b>

**Auto Tort**
Auto (22)—Personal Injury/Property
  Damage/Wrongful Death
Uninsured Motorist (46) *(if the
  case involves an uninsured
  motorist claim subject to
  arbitration, check this item
  instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/
    Wrongful Death
Product Liability *(not asbestos or
  toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice–
    Physicians & Surgeons
  Other Professional Health Care
    Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip
    and fall)
  Intentional Bodily Injury/PD/WD
    (e.g., assault, vandalism)
  Intentional Infliction of
    Emotional Distress
  Negligent Infliction of
    Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
  Practice (07)
Civil Rights (e.g., discrimination,
  false arrest) *(not civil
  harassment)* (08)
Defamation (e.g., slander, libel)
  (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice
    *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease
    Contract *(not unlawful detainer
    or wrongful eviction)*
  Contract/Warranty Breach—Seller
    Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/
    Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open
  book accounts) (09)
  Collection Case—Seller Plaintiff
  Other Promissory Note/Collections
    Case
Insurance Coverage *(not provisionally
  complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
  Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
  drugs, check this item; otherwise,
  report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court
    Case Matter
  Writ–Other Limited Court Case
    Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor
    Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
  *(arising from provisionally complex
  case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of
    County)
  Confession of Judgment *(non-
    domestic relations)*
  Sister State Judgment
  Administrative Agency Award
    *(not unpaid taxes)*
  Petition/Certification of Entry of
    Judgment on Unpaid Taxes
  Other Enforcement of Judgment
    Case
**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
  above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-
    harassment)*
  Mechanics Lien
  Other Commercial Complaint
    Case *(non-tort/non-complex)*
  Other Civil Complaint
    *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
  Governance (21)
Other Petition *(not specified
  above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult
    Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief from Late
    Claim
  Other Civil Petition

| SHORT TITLE: Emily Namin v. Swift Transportation CO AZ, LLC | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage<br>☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons<br>☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall)<br>☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270  Intentional Infliction of Emotional Distress<br>☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br><br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Emily Namin v. Swift Transportation CO AZ, LLC | CASE NUMBER |
|---|---|

| A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | | |
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1, 2, 3 |
|  | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | | |
| Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1, 2, 3 |
|  | ☐ A6109  Labor Commissioner Appeals | 10 |
| **Contract** | | |
| Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
|  | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2, 5 |
|  | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
|  | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 5, 6, 11 |
|  | ☐ A6012  Other Promissory Note/Collections Case | 5, 11 |
|  | ☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud | 1, 2, 3, 5 |
|  | ☐ A6031  Tortious Interference | 1, 2, 3, 5 |
|  | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | | |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation    Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2, 6 |
|  | ☐ A6032  Quiet Title | 2, 6 |
|  | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | | |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Emily Namin v. Swift Transportation CO AZ, LLC | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE: Emily Namin v. Swift Transportation CO AZ, LLC | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: □ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS: 1605 Chapin Road |
|---|---|

| CITY: Montebello | STATE: CA | ZIP CODE: 90640 | |
|---|---|---|---|

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the <u>Central</u> District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: <u>November 24, 2020</u>

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**11/24/2020**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ C. Monroe _____ Deputy |
| NOTICE OF CASE ASSIGNMENT<br>UNLIMITED CIVIL CASE | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>20STCV45213 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Rupert A. Byrdsong | 28 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/25/2020
　　(Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By C. Monroe _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION

The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure Section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS

All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS

Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE

A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions

Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases

Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**